

# J.K. "Jess" Irby, Esq.

## Clerk of Circuit Court



[username: public] ( )
[Log Out]
Clerk's Home Page
Public Records Online

## General Index Search

‹ Search Results    ‹ Search Form    ‹ Court Records Menu

| Summary | Parties | Events | Dockets | Charges | Alerts | Bond | Summons | Ticklers | Disposition | Costs |

### Docket List

**01 2021 CA 000505 - CIRCUIT CIVIL - DIV J (JUDGE KEIM)**
EDMONDS, DONNA -VS- BEST BUY STORES LP

**19 records found**

| File Date | Docket Text | Amount | Amount Due | Image | # Of Pages |
|---|---|---|---|---|---|
| 06/17/2021 | NOTICE OF TAKING DEPOSITION DUCES TECUM | | | 🔍 | 2 |
| 06/11/2021 | NOTICE OF SERVING PROPOSAL FOR SETTLEMENT | | | 🔍 | 2 |
| 05/07/2021 | DEFENDANT'S NOTICE OF SERVING UNVERIFIED ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES | | | 🔍 | 2 |
| 05/07/2021 | DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION | | | 🔍 | 7 |
| 05/07/2021 | DEFENDANT'S PRIVILEGE LOG IN RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION | | | 🔍 | 2 |
| 05/05/2021 | PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION | | | 🔍 | 5 |
| 05/05/2021 | PLAINTIFF'S NOTICE OF SERVING ANSWERS TO DEFENDANT'S INTERROGATORIES | | | 🔍 | 2 |
| 04/19/2021 | DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS | | | 🔍 | 3 |
| 03/18/2021 | NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT BEST BUY STORES, L.P. | | | 🔍 | 2 |
| 03/18/2021 | PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT BEST BUY STORES, L.P. | | | 🔍 | 8 |
| 03/18/2021 | PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT BEST BUY STORES, L.P. | | | 🔍 | 2 |
| 03/17/2021 | DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT | | | 🔍 | 3 |
| 03/08/2021 | DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF DONNA EDMONDS | | | 🔍 | 12 |
| 03/08/2021 | NOTICE OF SERVICE OF DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF DONNA EDMONDS | | | 🔍 | 2 |
| 03/08/2021 | AFFIDAVIT OF SERVICE OF PROCESS SERVED ON 2/25/21 - BEST BUY STORES LP (DEFENDANT); | | | 🔍 | 1 |
| 03/04/2021 | NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES FOR SERVICE OF DOCUMENTS | | | 🔍 | 2 |
| 02/24/2021 | 20 DAY SUMMONS ISSUED TO BEST BUY STORES, LP D/B/A BEST BUY Receipt: 466587 Date: 02/24/2021 | $10.00 | $0.00 | 🔍 | 2 |
| 02/24/2021 | CIVIL COVER SHEET - JURY TRIAL REQUESTED | | | 🔍 | 3 |
| 02/24/2021 | COMPLAINT Receipt: 466587 Date: 02/24/2021 | $400.00 | $0.00 | 🔍 | 4 |



EXHIBIT

A

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.: **01-2021-CA-0505**
DIVISION: **J**

DONNA EDMONDS,

        Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY

        Defendant.
_____/

## **COMPLAINT**

COMES NOW the Plaintiff, DONNA EDMONDS, by and through her undersigned counsel, and sues Defendant, BEST BUY STORES, L.P., d/b/a BEST BUY (hereinafter "BEST BUY STORES, L.P."), and alleges:

1.      This is an action for damages that exceed Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs and attorneys' fees.

2.      At all times material hereto, Plaintiff, DONNA EDMONDS, was, and remains, a resident of Gilchrist County, Florida; however, at all times material hereto, Plaintiff, DONNA EDMONDS, was located and injured in Alachua County, Florida.

3.      At all times material hereto, Defendant, BEST BUY STORES, L.P., was a Foreign Limited Partnership authorized to conduct business in Alachua County, Florida.

4.      At all times material hereto, including November 29, 2019, BEST BUY STORES, L.P., owned, operated, and/or maintained a retail store doing business as "BEST BUY."

5.      At all times material hereto, Defendant, BEST BUY STORES, L.P., owned, operated and/or maintained the "BEST BUY" retail store located at 3750 Southwest Archer Road,

Gainesville, Alachua County, Florida (which, hereafter, may be referred to as the "premises" or the "subject premises"), said business being that of a store open to the general public, including the Plaintiff, DONNA EDMONDS, herein.

6.      At all times material to this cause of action, Defendant, BEST BUY STORES, L.P., had possession and control of the subject premises where the incident described in this Complaint occurred.

7.      On or about November 29, 2019, Plaintiff, DONNA EDMONDS, visited Defendant's premises located at the above address as a patron or customer and as such was a business invitee on the premises.

8.      At said time and place, Plaintiff, DONNA EDMONDS, was walking into Defendant's business.  Said business had placed metal barriers in front of the store entrance in anticipation of "Black Friday" crowds.  Said metal barriers were not properly installed and secured to the ground.  Specifically the leg of one of the barriers was slightly raised off the ground and Plaintiff tripped over the barrier, causing injury.

9.      At said time and place, Plaintiff was a patron or customer at Defendant's business, lawfully upon the premises of the Defendant, BEST BUY STORES, L.P., who therefore owed Plaintiff a duty to exercise reasonable care for her safety.

10.     At said time and place, Defendant, BEST BUY STORES, L.P., breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the premises, thus creating an unreasonably dangerous condition to members of the public utilizing said premises, including the Plaintiff herein, to wit: BEST BUY employees failed to properly and/or

adequately anchor the metal barriers used on the premises, thus creating an unreasonably dangerous condition for patrons, including the Plaintiff;

b) Negligently failing to inspect or adequately inspect the premises, as specified above, to ascertain whether the subject metal barriers as described above constituted a hazard to customers utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to warn or adequately warn the Plaintiff of the above-described dangerous condition of the premises, when Defendant knew or through the exercise of reasonable care should have known the metal barriers were not properly anchored to the ground and that said condition was unreasonably dangerous and that Plaintiff was unaware of same; and

d) Negligently failing to correct or adequately correct the unreasonably dangerous condition of the subject metal barriers as described above, when said condition was either created by the Defendant's employees,  known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

11.     As a result, while Plaintiff was visiting Defendant's, BEST BUY STORES, L.P., store, the Plaintiff tripped over a raised leg on a metal barrier, sustaining injuries as set forth below.

12.     As a direct and proximate result of the negligence of Defendant, BEST BUY STORES, L.P., the Plaintiff suffered bodily injury in and about her body, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and

treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, DONNA EDMONDS, demands judgment against Defendant, BEST BUY STORES, L.P. d/b/a BEST BUY, for damages, costs of this action, interest, and such other and further relief as this Court may deem meet and just, and demands a trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiff, DONNA EDMONDS, demands trial by jury on all issues so triable.

**MORGAN & MORGAN**

*/s/ Jeffrey M. Moody*
**JEFFREY M. MOODY, ESQ.**
FBN: 0160570
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Primary: jmoody@forthepeople.com
Secondary: sbuckland@forthepeople.com
Phone: (904) 398-2722
Facsimile: (904) 361-4473
Attorney for Plaintiff

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>EIGHTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ALACHUA</u>   COUNTY, FLORIDA

<u>DONNA EDMONDS</u>
Plaintiff

Case #    <u>__01-2021-CA-0505__</u>
Judge    <u>__DIVISION J__</u>

vs.
<u>BEST BUY STORES, L.P.</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>1</u>

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jeffrey Mitchell Moody</u>      Fla. Bar # <u>160570</u>
      Attorney or party                      (Bar # if attorney)

<u>Jeffrey Mitchell Moody</u>          <u>02/23/2021</u>
 (type or print name)              Date

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.: **01-2021-CA-0505**
DIVISION: **J**

DONNA EDMONDS,

      Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY

      Defendant.

_____/

<u>**SUMMONS**</u>

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this action on Defendant:

**BEST BUY STORES, L.P. d/b/a BEST BUY**
c/o C T Corporation System, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

Each Defendant is required to serve written defenses to the Complaint or petition on Jeffrey Moody, Esquire, whose address is Morgan & Morgan, P.A., 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

**WITNESS** my hand and the Seal of said Court this **25th** day of _____**February**_____, 2021.

J.K. "JESS" IRBY, ESQ.
As Clerk of said Court

By _Christine M. Wilson_
Deputy Clerk

J.K. "JESS" IRBY, ESQ.
CLERK OF THE CIRCUIT COURT
CIVIL DIVISION
201 E UNIVERSITY AVE
GAINESVILLE, FL 32601

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed I you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are no other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contester la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamanda telefonica no lo protegera; si usted desea que el tribunal considere su defense, debe presenter su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudieses perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legals. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberea usted enviar por correao o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites juficiaries ont ete enterprises contre vous. Yous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous resquez de perdue la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immeidats d'un avocet. Si vous ne connaissez pas d'avacat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).  Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expediter une copie au carbone ou une photocopie de votre reponse ecrite an "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**MORGAN & MORGAN, P.A.**
**JEFFREY MITCHELL MOODY, ESQUIRE**
Florida Bar No. 160570
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Phone:  (904) 398-2722
Fax:  (904) 361-4473
Attorney for Plaintiff

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.: 01-2021-CA-0505
DIVISON: J

DONNA EDMONDS,

     Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY,

     Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION
## OF EMAIL ADDRESSES FOR SERVICE OF DOCUMENTS

     COMES NOW, Joseph B. Stokes, III, Esquire, of SAALFIELD SHAD, P.A., and files this

Notice of Appearance as attorney of record in the above-captioned matter on behalf of the

Defendant, BEST BUY STORES, L.P., d/b/a BEST BUY.

     Pursuant to Florida Rule of Judicial Administration 2.516(1)(A), Defendant hereby gives

notice of the primary and secondary email addresses of its counsel as follows:

| | |
|---|---|
| Counsel's Name | Joseph B. Stokes, III |
| Primary Email Address: | jstokes@saalfieldlaw.com |
| Secondary Email Addresses: | llovein@saalfieldlaw.com; khosea@saalfieldlaw.com |
| Tertiary Email Address: | rjcsmith@saalfieldlaw.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 4th day of March 2021:

> **Jeffrey M. Moody, Esquire**
> Morgan & Morgan, P.A.
> 76 South Laura Street, Suite 1100
> Jacksonville, FL 32202
> Email: jmoody@forthepeople.com; sbuckland@forthepeople.com
> Telephone: 904-398-2722
> Facsimile: 904-361-4473
> *Attorneys for Plaintiff*

> **SAALFIELD SHAD, P.A.**

> **/s/ Joseph B. Stokes, III**
> _____
> **JOSEPH B. STOKES, III, ESQUIRE**
> Florida Bar Number: 897183
> Email (Primary) jstokes@saalfieldlaw.com
> Email (Secondary) llovein@saalfieldlaw.com;
> khosea@saalfieldlaw.com
> **RUBY JO CATHERINE SMITH, ESQUIRE**
> Florida Bar Number: 112741
> Email (Primary) rjcs@saalfieldlaw.com
> 245 Riverside Avenue, Suite 400
> Jacksonville, FL 32202
> 904-355-4401 (phone)
> 904-355-3503 (facsimile)
> *Attorneys for Defendant*

# VERIFIED RETURN OF SERVICE

Job # 2021001363

**Client Info:**

Morgan & Morgan, PA
JEFFREY M. MOODY, ESQ.
76 South Laura Street
1100
Jacksonville, Florida 32202

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| DONNA EDMONDS | Court Division: J |
| -versus- | |
| **DEFENDANT:** | County of Alachua, Florida |
| BEST BUY STORES, L.P. d/b/a BEST BUY | Court Case # **01-2021-CA-0505** |

**Service Info:**

**Date Received by Accurate Serve of Jacksonville:** 2/25/2021 at 12:37 PM
**Service:** I Served **BEST BUY STORES, L.P. d/b/a BEST BUY C/O C T CORPORATION SYSTEM, REGISTERED AGENT**
With: **SUMMONS; COMPLAINT**
by leaving with **Donna Moch, AUTHORIZED TO ACCEPT**

**At Business 1200 SOUTH PINE ISLAND ROAD PLANTATION, FL 33324**
Latitude: **26.087402,** Longitude: **-80.231614**

On **2/25/2021** at **02:00 PM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I **Joshua Wright** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**Joshua Wright**
Lic # **1548**

**Accurate Serve of Jacksonville**
4446 Hendricks Avenue, Suite 207
Jacksonville, FL 32207

Client # 9838615
Job # 2021001363




1 of 1

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:    01-2021-CA-0505
DIVISON:     J

DONNA EDMONDS,

       Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY,

       Defendant.

_____/

## NOTICE OF SERVICE OF DEFENDANT'S
## FIRST INTERROGATORIES TO PLAINTIFF DONNA EDMONDS

Defendant, BEST BUY STORES, L.P., d/b/a BEST BUY, hereby gives notice that

Defendant's Interrogatories to Plaintiff, **DONNA EDMONDS**, numbered one (1) through twenty-

eight (28), have been served upon Plaintiff, c/o Jeffrey M. Moody, Esquire, by Electronic Mail.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 8th day of March 2021:

**Jeffrey M. Moody, Esquire**
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Email: jmoody@forthepeople.com; sbuckland@forthepeople.com
Telephone: 904-398-2722
Facsimile: 904-361-4473
*Attorneys for Plaintiff*

**SAALFIELD SHAD, P.A.**

**/s/ Joseph B. Stokes, III**

**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
khosea@saalfieldlaw.com
**RUBY JO CATHERINE SMITH, ESQUIRE**
Florida Bar Number: 112741
Email (Primary) rjcs@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
*Attorneys for Defendant*

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:  01-2021-CA-0505
DIVISON:   J

DONNA EDMONDS,

     Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY,

     Defendant.

_____/

### DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO
### PLAINTIFF DONNA EDMONDS

Defendant, BEST BUY STORES, L.P., d/b/a BEST BUY, by and through its undersigned

attorneys, hereby requests pursuant to Rule 1.350, Florida Rules of Civil Procedure, that Plaintiff,

**DONNA EDMONDS** produce and permit Defendant to inspect and copy each of the following

documents:

1.     Medical bills, including but not limited to doctors, hospitals and prescriptions

arising out of the alleged injuries which are the subject of your Complaint.

2.     Income tax returns for the years 2016 through 2020, including W-2 forms filed.

3.     Hospital records concerning any and all hospitalizations arising out of the alleged

injuries to Plaintiff which are in your or your attorney's possession, custody or control.

4.     Medical records from any doctors, nurses or other health care providers who have

seen and/or treated Plaintiff as a result of the alleged injuries pled in the Complaint.

5.      Medical reports, opinions or other written memoranda from doctors, nurses or other health care providers, or expert witnesses containing information concerning the injuries and/or damages allegedly sustained by Plaintiff which are in your or your attorney's possession, custody or control.

6.      Any and all photographs taken in relation to this incident.

7.      Any and all statements obtained in relation to this case.

8.      All documents which you anticipate you may utilize as exhibits in the trial of this matter.

9.      A copy of the front and back of all health insurance cards including Medicare, Medicaid, and/or private health insurance carriers in possession of the Plaintiff at the time of the accident and anytime thereafter.

10.     All documents and payment information made by third party/collateral source lien holders received by Plaintiff or Plaintiff's counsel in connection with the subject accident.

11.     All documents sent by Plaintiff's counsel to any collateral source lien holders advising them of the subject accident and/or putting said collateral source lien holder on notice.

12.     All documents sent by Plaintiff or received by Plaintiff in connection with any disability insurance in effect at the time of the subject accident.

13.     An original Consent to Release directed to Centers for Medicare & Medicaid Services (CMS) executed by Plaintiff. (Attached hereto).

14.     An original Consent for Release of Information directed to Social Security Administration executed by Plaintiff. (Attached hereto).

2

15.     An original Authorization for the Use and Disclosure of Protected Health Information directed to Florida Medicaid TPL Recovery Program executed by Plaintiff. (Attached hereto).

16.     An original Request for Copy of Tax Return IRS Form 4506 directed to the Internal Revenue Service executed by Plaintiff. (Attached hereto).

17.     Copies of all records related to any mental health treatment received by Plaintiff in the last ten (10) years, including but not limited to, psychologists, psychiatrists, counselors or therapists.  This request specifically includes records of treatment for substance abuse, dependency or addiction.

18.     The shoes worn by the Plaintiff at the time of the incident alleged in Plaintiff's Complaint.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 8th day of March 2021:

**Jeffrey M. Moody, Esquire**
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Email: jmoody@forthepeople.com; sbuckland@forthepeople.com
Telephone: 904-398-2722
Facsimile: 904-361-4473
***Attorneys for Plaintiff***

**SAALFIELD SHAD, P.A.**

**/s/ Joseph B. Stokes, III**

_____

**JOSEPH B. STOKES, III, ESQUIRE**

Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
khosea@saalfieldlaw.com
**RUBY JO CATHERINE SMITH, ESQUIRE**
Florida Bar Number: 112741
Email (Primary) rjcs@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
***Attorneys for Defendant***

| Form **4506** | **Request for Copy of Tax Return** | |
|---|---|---|
| (Novmeber 2020) | ▶ **Do not sign this form unless all applicable lines have been completed.** | OMB No. 1545-0429 |
| Department of the Treasury Internal Revenue Service | ▶ **Request may be rejected if the form is incomplete or illegible.** ▶ For more information about Form 4506, visit *www.irs.gov/form4506.* | |

**Tip.** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See **Form 4506-T, Request for Transcript of Tax Return,** or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." or call 1-800-908-9946.

| 1a Name shown on tax return. If a joint return, enter the name shown first. | 1b First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
|---|---|
| 2a If a joint return, enter spouse's name shown on tax return. | 2b Second social security number or individual taxpayer identification number if joint tax return |

3 Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

4 Previous address shown on the last return filed if different from line 3 (see instructions)

5 If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Saalfield Shad, P.A., 245 Riverside Avenue, Suite 400, Jacksonville, FL 32202, Telephone No.: 904-355-4401, Fax No.: 904-355-3503**

**Caution:** If the tax return is being sent to the third party, ensure that lines 5 through 7 are completed before signing. (see instructions).

6 **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ **1040**

   **Note:** If the copies must be certified for court or administrative proceedings, check here . . . . . . . . . . . . ☐

7 **Year or period requested.** Enter the ending date of the tax year or period using the mm/dd/yyyy format (see instructions).

   12 / 31 / 2020       12 / 31 / 2019       12 / 31 / 2018       12 / 31 / 2017

   12 / 31 / 2016       ___ / ___ / ___       ___ / ___ / ___       ___ / ___ / ___

8 **Fee.** There is a $43 fee for each return requested. **Full payment must be included with your request or it will be rejected.** Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order.

| a | Cost for each return | $ | 43.00 |
|---|---|---|---|
| b | Number of returns requested on line 7 . | | 5 |
| c | Total cost. Multiply line 8a by line 8b . . . . . . . . . . . . . . . . . . | $ | 215.00 |

9 If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . ☑

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☑ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506.** See instructions. | Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶ Signature (see instructions)                                          Date

▶ Print/Type name                          Title (if line 1a above is a corporation, partnership, estate, or trust)

▶ Spouse's signature                                          Date

▶ Print/Type name

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**          Cat. No. 41721E          Form **4506** (Rev. 11-2020)

Form 4506 (Rev. 11-2020)

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506*.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines, *including lines 5 through 7,* have been completed.

**Designated Recipient Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information received pursuant to the taxpayer's consent and holds the recipient subject to penalties for any unauthorized access, other use, or redisclosure without the taxpayer's express permission or request.

**Taxpayer Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information provided pursuant to your consent and holds the recipient subject to penalties, brought by private right of action, for any unauthorized access, other use, or redisclosure without your express permission or request.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year or period and the chart below shows two different addresses, send your request based on the address of your most recent return.

## Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
|---|---|
| Florida, Louisiana, Mississippi, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alabama, Arkansas, Delaware, Georgia, Illinois, Indiana, Iowa, Kentucky, Maine, Massachusetts, Minnesota, Missouri, New Hampshire, New Jersey, New York, North Carolina, Oklahoma, South Carolina, Tennessee, Vermont, Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alaska, Arizona, California, Colorado, Connecticut, District of Columbia, Hawaii, Idaho, Kansas, Maryland, Michigan, Montana, Nebraska, Nevada, New Mexico, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, South Dakota, Utah, Washington, West Virginia, Wyoming | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Chart for all other returns

| For returns not in Form 1040 series, if the address on the return was in: | Mail to: |
|---|---|
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Specific Instructions

**Line 1b.** Enter the social security number (SSN) or individual taxpayer identification number (ITIN) for the individual listed on line 1a, or enter the employer identification number (EIN) for the business listed on line 1a. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address, or Form 8822-B,Change of Address or Responsible Party — Business, with Form 4506.

**Line 7.** Enter the end date of the tax year or period requested in mm/dd/yyyy format. This may be a calendar year, fiscal year or quarter. Enter each quarter requested for quarterly returns. Example: Enter 12/31/2018 for a calendar year 2018 Form 1040 return, or 03/31/2017 for a first quarter Form 941 return.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines, *including lines 5 through 7,* are completed before signing.



*You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506 but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5a. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

Do not send the form to this address. Instead, see *Where to file* on this page.



RON DESANTIS
GOVERNOR

MARY C. MAYHEW
SECRETARY

### Authorization for the Use and Disclosure of Protected Health Information

Federal law states that we cannot share an individual's health information without the individual's permission, except in certain situations. By signing this form, you are giving us permission to share the information you indicate below. If you decide later that you do not want us to share this information any more, you can revoke this authorization at any time in writing or sign the REVOCATION SECTION on the back of this form and return it to the Florida Medicaid TPL Recovery Program. This form must be completed and signed by the Medicaid recipient or by an individual who has the authority to act on the Medicaid recipient's behalf (parent of a minor, legal guardian, trustee, power of attorney, personal representative of the estate, grantor of an annuity).

PLEASE COMPLETE THE FOLLOWING SECTIONS

1. **Personal Information:**

   Medicaid Recipient's Name_____Date of Birth_____

   Medicaid ID Number_____Social Security Number_____

2. **I give permission to the Agency for Health Care Administration (AHCA) and its contract representatives to share the health information listed below with the following:**

   Name of the Law Firm or Law Office __Saalfield Shad, P.A., 245 Riverside Avenue, #400, Jacksonville, FL 32202____
   Name of the Insurance Company_____
   Other_____

3. **Indicate the purpose for which the disclosure is to be made:**

   __XX__To substantiate Medicaid's lien relating to a lawsuit
   ____To substantiate Medicaid's claim against the estate or against a trust account or annuity
   __XX__Other __Litigation pending in the State of Florida_____

4. **Indicate the information that you want to be disclosed, related to the following (check one):**

   ____The Medicaid lien *relating to the injury or negligence* charges, for the period beginning with the date of incident.
   ____Medicaid's claim against the *estate*.
   ____The amount that is due Medicaid from the *trust account, [Please send a copy of the trust agreement]*.
   ____The amount that is due Medicaid from the *annuity account, [Please send a copy of the annuity agreement]*.
   __XX__Other, *[Please be specific]*. __Paid Claims History_____

5. **Enter the specific date that you want this authorization to expire: (i.e., one year from date of release)_____**
   (If you do not enter a date, this authorization will expire in five years.)

I understand that the information described above may be redisclosed by the person or group that I hereby give AHCA and its contract representatives permission to share my information with, and that my information would no longer be protected by the federal privacy regulations. Therefore, I release AHCA, its workforce members, and its contract representatives from all liability arising from the disclosure of my health information pursuant to this agreement. I understand that I may inspect or request copies of any information disclosed by this authorization if AHCA or its contract representatives initiated this request for disclosure. I understand that I may revoke this authorization by notifying AHCA through its contractor representatives, in writing, knowing that previously disclosed information would not be subject to my revocation request. I understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment, payment or eligibility for benefits.

6. **Recipient Signature**_____**Print Name**_____**Date**_____
   **OR**
   **Name of Legal Representative (Print)**_____**Relationship**_____

   **Signature of Legal Representative ***_____**Date**_____
   * If you are not the individual, but represent the individual, please attach a copy of the legal document that verifies that you are a representative (parent of a minor, legal guardian, trustee, power of attorney, personal representative of the estate, grantor of an annuity).

## INSTRUCTIONS FOR THE USE AND DISCLOSURE OF PROTECTED HEALTH INFORMATION

1.  Complete the front of the form and return it to Florida Medicaid TPL Recovery Program, Post Office Box 12188, Tallahassee, Florida 32317-2188, Phone (toll-free) (877) 357-3268 or Fax (844) 845-8352.

2.  If the signer is a guardian, has a power of attorney or is an authorized representative, documentation of the representative's authority to act on the individual's behalf must be attached.  If an agency has custody of a child and a representative signs the release, include a copy of the custody order.

3.  Special kinds of health information have specific laws and rules that have to be followed before that information can be disclosed.

**HIV and Sexually Transmitted Diseases (STD):**  All information about HIV and sexually transmitted diseases is protected under federal and state laws and cannot be disclosed without your written authorization unless otherwise provided in the regulations.  To release HIV or STD information, this authorization must include a statement in the Information You Want Disclosed section of the specific HIV or STD information that you are giving permission to release.  Re-disclosure of HIV information is not allowed, except in compliance with law or with your written permission.

**Alcohol and Drug Treatment:**  Alcohol and/or drug treatment records are protected under federal and state laws and regulations and cannot be disclosed without your written authorization, unless otherwise provided for in federal and state laws or regulations.  To release alcohol and drug treatment information, this authorization must include a statement in the Information You Want Disclosed section of the specific information that you are giving permission to release, such as "assessment, treatment plan, attendance, discharge plan."  Re-disclosure of you alcohol and/or drug treatment records is not allowed, except in compliance with law or with your written permission.

**Mental Health Treatment:**  Mental health treatment records are protected under federal and state laws and regulations and cannot be disclosed without your written authorization, unless otherwise allowed in federal and state laws or regulations.  To release mental health treatment information, this authorization must include a statement in the Information You Want Disclosed section of the specific information that you are giving permission to release, such as "assessment, treatment plan, attendance, discharge plan." Also, disclosure of your therapist's own notes (psychotherapy notes) needs separate permission.  Re-disclosure of your mental health treatment records is prohibited, except in compliance with law or with your written permission.

4.  You will be provided with a copy of this form.

---

### REVOCATION SECTION

To revoke your authorization, complete the following section and return the form to the Florida Medicaid TPL Recovery Program at the address given above.  (Use of this form to revoke your authorization is optional; however, you must submit your revocation request in writing.)

I no longer want my information shared.

Name_____Date of Birth_____

Street Address_____

City_____State_____Zip_____

If applicable, your Medicaid ID number_____

Signature_____Date_____
OR
Signature of Authorized Representative_____Date_____

Relationship of Authorized Representative_____

(Revised March 2019)

**Consent to Release**
**Liability Insurance (Including Self-Insurance), No-Fault Insurance,**
**or Workers' Compensation**

**Where to find Information on "Consent to Release" vs. "Proof of Representation"**

Please refer to the PowerPoint document on this website titled: "Rules and Model Language for 'Proof of Representation' vs. 'Consent to Release' for Medicare Secondary Payer Liability Insurance (Including Self-Insurance), No-Fault Insurance, or Workers' Compensation" for detailed information on

- **When to use a "consent to release" document vs. a "proof of representation" document,**
- Appropriate content for both documents,
- The need for appropriate documentation when there are two layers of representatives involved (examples: attorney 1 refers a case to attorney 2; the beneficiary's guardian hires an attorney to pursue a liability insurance claim) or when a beneficiary's representative signs a "consent to release" document on the beneficiary's behalf,
- What liability insurers (including self-insurers), no-fault insurers, and workers' compensation entities must have in order to obtain conditional payment information, and
- Use of agents by insurers' or workers' compensation.

**General**

A "consent to release" document is used by an individual or entity who does not represent the Medicare beneficiary but is requesting information regarding the beneficiary's conditional payment information. A "consent to release" does not authorize the individual or entity to act on behalf of the beneficiary or make decisions on behalf of the beneficiary.

**Model Language**

See attached. Use of the model language is not required, but any documentation submitted as a "Consent to Release" must include the information the model language requests.

**Where to Submit a " Consent to Release" document:**

**Liability Insurance, No-Fault Insurance, Workers' Compensation:**

**NGHP**
PO Box 138832
Oklahoma City, OK 73113
**Fax: (405) 869-3309**

MODEL LANGUAGE

## **CONSENT TO RELEASE**

The language below should be used when you, a Medicare beneficiary, want to authorize someone other than your attorney or other representative to receive information, including identifiable health information, from the Centers for Medicare & Medicaid Services (CMS) related to your liability insurance (including self-insurance), no-fault insurance or workers' compensation claim.

I, _____ (print your name exactly as shown on your Medicare card) hereby authorize the CMS, its agents and/or contractors to release, upon request, information related to my injury/illness and/or settlement for the specified date of injury/illness to the individual and/or entity listed below:

## **CHECK ONLY ONE OF THE FOLLOWING TO INDICATE WHO MAY RECEIVE INFORMATION AND THEN PRINT THE REQUESTED INFORMATION:**

(If you intend to have your information released to more than one individual or entity, you must complete a separate release for each one.)

☐ Insurance Company      ☐ Workers' Compensation Carrier      ☑ Other  **Attorney**
(Explain)

| | |
|---|---|
| Name of entity: | Saafield Shad, P.A. |
| Contact for above entity: | Joseph B. Stokes, III |
| Address: | 245 Riverside Avenue |
| Address Line 2: | Suite 400 |
| City/State/ZIP: | Jacksonville, FL 32202 |
| Telephone: | 904-355-4401 |

## **CHECK ONE OF THE FOLLOWING TO INDICATE HOW LONG CMS MAY RELEASE YOUR INFORMATION**

(The period you check will run from when you sign and date below.):

☑ One Year      ☐ Two Years      ☐ Other _____
(Provide a specific period of time)

I understand that I may revoke this "consent to release information" at any time, in writing.

## **MEDICARE BENEFICIARY INFORMATION AND SIGNATURE:**

Beneficiary Signature: _____     Date signed: _____

Note: If the beneficiary is incapacitated, the submitter of this document will need to include documentation establishing the authority of the individual signing on the beneficiary's behalf. Please visit https://go.cms.gov/cobro for further instructions.

Medicare ID (The number on your Medicare card.): _____

Date of Injury/Illness: _____

Social Security Administration

**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

## Instructions for Using this Form

Complete this form only if you want us to give information or records about you, a minor, or a legally incompetent adult, to an individual or group (for example, a doctor or an insurance company). If you are the natural or adoptive parent or legal guardian, acting on behalf of a minor child, you may complete this form to release only the minor's non-medical records. We may charge a fee for providing information unrelated to the administration of a program under the Social Security Act.

**NOTE:** Do not use this form to:

- Request the release of medical records on behalf of a minor child. Instead, visit your local Social Security office or call our toll-free number, 1-800-772-1213 (TTY-1-800-325-0778), or
- Request detailed information about your earnings or employment history. Instead, complete and mail form SSA-7050-F4. You can obtain form SSA-7050-F4 from your local Social Security office or online at www.ssa.gov/online/ssa-7050.pdf.

## How to Complete this Form

We will not honor this form unless all required fields are completed. An asterisk (*) indicates a required field. Also, we will not honor blanket requests for "any and all records" or the "entire file." You must specify the information you are requesting and you must sign and date this form. We may charge a fee to release information for non-program purposes.

- Fill in your name, date of birth, and social security number or the name, date of birth, and social security number of the person to whom the requested information pertains.
- Fill in the name and address of the person or organization where you want us to send the requested information.
- Specify the reason you want us to release the information.
- Check the box next to the type(s) of information you want us to release including the date ranges, where applicable.
- For non-medical information, you, the parent or the legal guardian acting on behalf of a minor child or legally incompetent adult, must sign and date this form and provide a daytime phone number.
- If you are not the individual to whom the requested information pertains, state your relationship to that person. We may require proof of relationship.

## PRIVACY ACT STATEMENT

Section 205(a) of the Social Security Act, as amended, authorizes us to collect the information requested on this form. We will use the information you provide to respond to your request for access to the records we maintain about you or to process your request to release your records to a third party. You do not have to provide the requested information. Your response is voluntary; however, we cannot honor your request to release information or records about you to another person or organization without your consent. We rarely use the information provided on this form for any purpose other than to respond to requests for SSA records information. However, the Privacy Act (5 U.S.C. § 552a(b)) permits us to disclose the information you provide on this form in accordance with approved routine uses, which include but are not limited to the following:

1. To enable an agency or third party to assist Social Security in establishing rights to Social Security benefits and or coverage;
2. To make determinations for eligibility in similar health and income maintenance programs at the Federal, State, and local level;
3. To comply with Federal laws requiring the disclosure of the information from our records; and,
4. To facilitate statistical research, audit, or investigative activities necessary to assure the integrity of SSA programs.

We may also use the information you provide when we match records by computer. Computer matching programs compare our records with those of other Federal, State, or local government agencies. We use information from these matching programs to establish or verify a person's eligibility for Federally-funded or administered benefit programs and for repayment of incorrect payments or overpayments under these programs. Additional information regarding this form, routine uses of information, and other Social Security programs is available on our Internet website, www.socialsecurity.gov, or at your local Social Security office.

## PAPERWORK REDUCTION ACT STATEMENT

This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 3 minutes to read the instructions, gather the facts, and answer the questions. **SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at** www.socialsecurity.gov. **Offices are also listed under U.S. Government agencies in your telephone directory or you may call 1-800-772-1213 (TYY 1-800-325-0778).** You may send comments on our time estimate above to: SSA, 6401 Security Blvd., Baltimore, MD 21235-6401. *Send **only** comments relating to our time estimate to this address, not the completed form.*

**Form SSA-3288** (11-2016) uf
Destroy Prior Editions

Social Security Administration

**Consent for Release of Information**

Form Approved
OMB No. 0960-0566

You must complete all required fields. We will not honor your request unless all required fields are completed. (*Signifies a required field. **Please complete these fields in case we need to contact you about the consent form).

**TO:  Social Security Administration**

| | | |
|---|---|---|
| **\*My Full Name** | **\*My Date of Birth (MM/DD/YYYY)** | **\*My Social Security Number** |

I authorize the Social Security Administration to release information or records about me to:

**\*NAME OF PERSON OR ORGANIZATION:**
Joseph B. Stokes, III, Esq., c/o Saalfield Shad, P.A.

**\*ADDRESS OF PERSON OR ORGANIZATION:**
245 Riverside Avenue, Suite 400, Jacksonville, FL 32202

**\*I want this information released because:**  Litigation pending in the State of Florida.
We may charge a fee to release information for non-program purposes.

**\*Please release the following information selected from the list below:**
**Check at least one box. We will not disclose records unless you include date ranges where applicable.**

1. ☐ Verification of Social Security Number
2. ☒ Current monthly Social Security benefit amount
3. ☒ Current monthly Supplemental Security Income payment amount
4. ☒ My benefit or payment amounts from date  01/01/2011    to date _____
5. ☐ My Medicare entitlement from date _____ to date _____
6. ☒ Medical records from my claims folder(s) from date 01/01/2011    to date_____
   If you want us to release a minor child's medical records, do not use this form.  Instead, contact your local Social Security office.
7. ☒ Complete medical records from my claims folder(s)
8. ☒ Other record(s) from my file (We will not honor a request for "any and all records" or "the entire file." You must specify other records; e.g., consultative exams, award/denial notices, benefit applications, appeals, questionnaires, doctor reports, determinations.)

   Application for Benefits, doctor reports, Consultation Evaluation Reports, questionnaires, Determinations, appeals, Disability

   records/start date, and date of entitlement.

I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 CFR § 16.41(d)(2004) that I have examined all the information on this form and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.

**\*Signature:** _____   **\*Date:** _____

**\*\*Address:** _____   **\*\*Daytime Phone:** _____

**Relationship (if not the subject of the record):** _____   **\*\*Daytime Phone:** _____

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1.Signature of witness | 2.Signature of witness |
|---|---|
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

**Form SSA-3288** (11-2016) uf

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:    01-2021-CA-0505
DIVISON:    J

DONNA EDMONDS,

      Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE
## DEFENSES TO PLAINTIFF'S COMPLAINT

    Defendant, Best Buy Stores, L.P., by and through its undersigned counsel, hereby responds

to Plaintiff's Complaint, and states as follows:

1. Plaintiff contends the damages exceed thirty thousand dollars ($30,000.00), otherwise

    denied.

2. Denied that Plaintiff was injured, otherwise admitted.

3. Admitted that Defendant is a Foreign Limited Partnership and is authorized to conduct

    business in Alachua County, Florida.

4. Admitted that Defendant operates a retail store called "Best Buy," otherwise denied.

5. Admitted that Defendant operated a retail store located at 3750 SW Archer Road,

    Gainesville, Alachua County, Florida, otherwise denied.

6. Denied.

7. Denied.

8. Denied.

9.  Denied.

10. Denied, including all subparts.

11. Denied.

12. Denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff, Donna Edmonds, was herself negligent, which negligence was the proximate or contributing cause of her injury and/or injuries.  Therefore, any recovery in this action should be reduced on a pro rata basis based upon the degree of her negligence.

## SECOND AFFIRMATIVE DEFENSE

This Defendant is entitled to a set-off for any and all benefits received by the Plaintiff from any collateral source as defined by applicable Florida Statutes and case law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages were caused by the negligence of non-parties to this litigation and pursuant to applicable Florida law, said non-parties to this litigation, whose negligence may have been a contributing proximate cause to the Plaintiff's damages, should be named on the verdict and judgment entered based on the respective degrees of negligence of the various entities.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages in this case, which failure to mitigate should reduce her claim for damages in direct proportion thereto.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial on all issues so triable.

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 17th day of March 2021:

> **Jeffrey M. Moody, Esquire**
> Morgan & Morgan, P.A.
> 76 South Laura Street, Suite 1100
> Jacksonville, FL 32202
> Email: jmoody@forthepeople.com; sbuckland@forthepeople.com
> Telephone: 904-398-2722
> Facsimile: 904-361-4473
> *Attorneys for Plaintiff*

> **SAALFIELD SHAD, P.A.**
>
> /s/ Joseph B. Stokes, III
> _____
> **JOSEPH B. STOKES, III, ESQUIRE**
> Florida Bar Number: 897183
> Email (Primary) jstokes@saalfieldlaw.com
> Email (Secondary) llovein@saalfieldlaw.com;
> khosea@saalfieldlaw.com
> **RUBY JO CATHERINE SMITH, ESQUIRE**
> Florida Bar Number: 112741
> Email (Primary) rjcs@saalfieldlaw.com
> 245 Riverside Avenue, Suite 400
> Jacksonville, FL 32202
> 904-355-4401 (phone)
> 904-355-3503 (facsimile)
> *Attorneys for Defendant*

3

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:   1-2021-CA-0505
DIVISION:   J

DONNA EDMONDS,

        Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY

        Defendant.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO
## DEFENDANT BEST BUY STORES, L.P.

COMES NOW the Plaintiff, DONNA EDMONDS, by and through the undersigned counsel, pursuant to Florida Rule of Civil Procedure 1.370, and hereby requests that Defendant, BEST BUY STORES, L.P., admit or deny the following within thirty (30) days from the date of service:

1.      Please admit that on or about November 29, 2019, Plaintiff was lawfully upon your premises located at 3750 Southwest Archer Road, Gainesville, Alachua County, Florida.

2.      Please admit that Plaintiff sustained injuries on Defendant's premises on November 29, 2019.

3.      Please admit that Plaintiff sustained permanent injuries on Defendant's premises on November 29, 2019, within a reasonable degree of medical probability resulting from the subject incident.

4.      Please admit that Plaintiff was not guilty of any comparative negligence in the subject incident.

5.      Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject incident.

6.      Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject incident.

7.      Please admit that Defendant's agents and/or representatives were negligent in the maintenance, operation, and/or repair of its property, which negligence resulted in injuries to Plaintiff.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Joseph B. Stokes, III, Esq., Saalfield Shad, PA, 245 Riverside Avenue, Suite 400, Jacksonville, FL 32202, via the Florida Courts E-Filing Portal Service in accordance with Rule 2.516, Florida Rules of Judicial Administration, this 18th day of March 2021.

**MORGAN & MORGAN**

*/s/ Jeffrey M. Moody*
**JEFFREY M. MOODY, ESQ.**
FBN: 0160570
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Primary:  jmoody@forthepeople.com
Secondary:  sbuckland@forthepeople.com
Phone:  (904) 398-2722
Facsimile:  (904) 361-4473
Attorney for Plaintiff

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.: 1-2021-CA-0505
DIVISION: J

DONNA EDMONDS,

        Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY

        Defendant.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO
## DEFENDANT BEST BUY STORES, L.P.

COMES NOW the Plaintiff, DONNA EDMONDS, by and through the undersigned

counsel and hereby requests that Defendant, BEST BUY STORES, L.P., produce for inspection

and/or copying the documents set forth below. Defendant shall produce these documents at 76

South Laura Street, Suite 1100, Jacksonville, Florida 32202, with thirty (30) days after service of

this Request For Production.

### I. Definitions

A. As used throughout this Request to Produce, the following terms are defined as

follows:

B. "Document" is used in the broad sense and means any tangible object or thing that

contains, conveys, or records information. Production is required of the original, or any copy if the

original is not available, of any book, record, minutes of meetings, reports and/or summaries of

interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions

of counsel; communications of any nature, including internal company communications, memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

C.      "Document" also includes copies containing information in addition to that contained on the original (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D.      If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E.      "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

F.      "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

G.      "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

H.      As may be used in these Request "and" is conjunctive (meaning, e.g., A and B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

I.      As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.      Description sufficient to identify.

2.      The date(s).

3.      The subject matter(s).

4.      The sender(s) or author(s).

5.      The recipient(s).

6.      The persons to whom copies were furnished, together with their job titles.

7.      The present depository·or person having custody of the document.

8.      The nature and basis of privilege or immunity claimed.

9.      The paragraph(s) of this request to which each such document or statement relates or corresponds.

## III.  Grouping or Numbering of Items Produced

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

## IV.  Place, Time, and Manner of Response

A response to this Request to Produce is due within thirty (30) days after service of this Request to Produce, and shall be made at the offices of Morgan & Morgan, P.A., 76 South Laura Street, Suite 1100, Jacksonville, FL 32202, or at such other place as the parties may agree.

Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

## **DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:**

1.      All statements made by any witnesses to the subject incident at the subject place of business located at 3750 Southwest Archer Road, Gainesville, Alachua County, Florida.

2.      All statements made by the Plaintiff pertaining to or concerning the subject incident.

3.      All photographs of the area involved in the subject incident.

4.      All photographs of the subject metal barriers involved in the subject incident.

5.      A copy of any and all insurance agreements, insurance policies, or agreements of any kind under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

6.      A copy of any incident/accident report or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject incident.

7.      Any and all inspection or check-off sheets or other documents showing who performed inspections, what kind of inspections were performed, the times of the inspections, or other information about the inspections that might have been done on the date of the subject incident, as well as the five (5) days before the date of the subject incident in the area where the Plaintiff fell.

8.     Any and all documents relating to any inspections that may have been done on the date of the subject incident, the five (5) days before the date of the subject incident, and the five (5) days after the date of the subject incident at the Defendant's premises.

9.     Time sheets, clock cards, or any other documents showing the hours and time worked by any employees working on the date of the subject incident, with responsibilities for inspecting the premises for dangerous conditions or maintaining the premises.

10.     Inspection sheets and/or other documents for inspections that were used on the date of the subject incident, or that are now used by employees at Defendant's premises for inspections.

11.     A true and correct copy of any contract(s) or agreement(s) with any entity(ies) used by Defendant with any responsibilities for inspecting your premises for dangerous conditions or for training your employees about such.

12.     A true and correct copy of any and all written inspection, maintenance procedures, or policies in place on the date of the subject incident at Defendant's premises.

13.     A true and correct copy of any and all safety manuals or videos, inspection manuals or videos, or training manuals or videos that any employee who was working on the date of the subject incident, with responsibilities for inspecting the premises for dangerous conditions or maintaining the premises, may have received from Defendant.

14.     A true and correct copy of your written procedure for inspection of the grounds, sidewalks, pathways, common walkways, and landscaping that was in existence on the date of the subject incident.

15.     A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions of all

employees working for the Defendant with responsibilities for inspecting the premises for dangerous conditions or maintaining the premises.

16.     A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions of all employees on duty at the subject location on the date of the subject incident.

17.     A true and correct copy of any and all documents provided to the employees of the Defendant who were on duty on the date of the subject incident, explaining maintenance and safety precautions at Defendant's premises.

18.     A true and correct copy of any and all written complaints or documents showing claims or complaints made as to employees and/or customers and/or vendors falling or tripping on Defendant's premises within the last five (5) years in a manner substantially similar to that alleged in the Complaint.

19.     A true and correct copy of any and all photographs taken of the incident scene.

20.     Any and all footage from CCTV/security/surveillance cameras that depict the events alleged in the complaint.

21.     Any and all footage from CCTV/security/surveillance cameras that depict Plaintiff regardless of location on the subject premises for the entire date of the subject incident.

22.     Any and all footage from CCTV/security/surveillance cameras that depict the subject incident.

23.     Any and all footage from CCTV/security/surveillance cameras that depict the area where the subject incident occurred for the period of time beginning four (4) hours immediately prior to the subject incident, and ending four (4) hours immediately after the subject incident.

24.     Any and all footage from CCTV/security/surveillance cameras located inside the subject location for the entire interior of the premises for the 24-hour period of time immediately preceding the subject incident.

25.     List of all trip and fall incidents that occurred at the subject location for the three (3) year period of time immediately preceding the subject incident.   (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location in premises where the incident occurred; and (iii) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

26.     Any and all documents including, but not limited to, rental agreements, purchase orders, contracts, safety manuals, instruction manuals, or diagrams, regarding the rental/purchase of the subject metal barriers.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Joseph B. Stokes, III, Esq., Saalfield Shad, PA, 245 Riverside Avenue, Suite 400, Jacksonville, FL 32202, via the Florida Courts E-Filing Portal Service in accordance with Rule 2.516, Florida Rules of Judicial Administration, this 18th day of March 2021.

MORGAN & MORGAN

/s/ Jeffrey M. Moody
JEFFREY M. MOODY, ESQ.
FBN: 0160570
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Primary:  jmoody@forthepeople.com
Secondary:  sbuckland@forthepeople.com
Phone:  (904) 398-2722
Facsimile:  (904) 361-4473
Attorney for Plaintiff

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:    1-2021-CA-0505
DIVISION:    J

DONNA EDMONDS,

        Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY

        Defendant.

_____/

## NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO
## DEFENDANT BEST BUY STORES, L.P.

    COMES NOW the Plaintiff, DONNA EDMONDS, by and through the undersigned

counsel and hereby propounds upon Defendant, BEST BUY STORES, L.P., pursuant to Rule

1.340, Florida Rules of Civil Procedure, the attached interrogatories numbered 1 – 18.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

Joseph B. Stokes, III, Esq., Saalfield Shad, PA, 245 Riverside Avenue, Suite 400, Jacksonville,

FL 32202, via the Florida Courts E-Filing Portal Service in accordance with Rule 2.516, Florida

Rules of Judicial Administration, this 18th day of March 2021.

**MORGAN & MORGAN**

*/s/ Jeffrey M. Moody*_____
**JEFFREY M. MOODY, ESQ.**
FBN: 0160570
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Primary:  jmoody@forthepeople.com
Secondary:  sbuckland@forthepeople.com
Phone:  (904) 398-2722
Facsimile:  (904) 361-4473
Attorney for Plaintiff

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.: 1-2021-CA-0505
DIVISION: J

DONNA EDMONDS

      Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY,

      Defendant.

_____/

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

      Defendant, Best Buy Stores, L.P., by and through its undersigned counsel, hereby

responds to Plaintiff's Request for Admissions, and states as follows:

1.    Please admit that on or about November 29, 2019, Plaintiff was lawfully upon your
premises located at 3750 Southwest Archer Road, Gainesville, Alachua County, Florida.

      **RESPONSE:   Defendant is not reasonably able to admit or deny as written
discovery has not been completed and Plaintiff has not been deposed.**

2.    Please admit that Plaintiff sustained injuries on Defendant's premises on November 29,
2019.

      **RESPONSE:   Defendant is not reasonably able to admit or deny as written
discovery has not been completed and Plaintiff has not been deposed.**

3.    Please admit that Plaintiff sustained permanent injuries on Defendant's premises on
November 29, 2019, within a reasonable degree of medical probability resulting from the
subject incident.

      **RESPONSE:   Defendant is not reasonably able to admit or deny as written
discovery has not been completed and Plaintiff has not been deposed.**

4.    Please admit that Plaintiff was not guilty of any comparative negligence in the subject incident.

**RESPONSE: Denied**.

5.    Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject incident.

**RESPONSE:  Defendant is not able to admit or deny as written as discovery has not been completed and Plaintiff has not been deposed.**

6.    Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject incident.

**RESPONSE:  Defendant is not able to admit or deny as written as discovery has not been completed and Plaintiff has not been deposed.**

7.    Please admit that Defendant's agents and/or representatives were negligent in the maintenance, operation, and/or repair of its property, which negligence resulted in injuries to Plaintiff.

**RESPONSE:  Denied**

**[THIS SPACE LEFT BLANK INTENTIONALLY]**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 19th day of April, 2021:

**Jeffrey M. Moody, Esquire**
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Email: jmoody@forthepeople.com; sbuckland@forthepeople.com
Telephone: 904-398-2722
Facsimile: 904-361-4473
*Attorneys for Plaintiff*

SAALFIELD SHAD, P.A.

**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
**RUBY JO CATHERINE SMITH, ESQUIRE**
Florida Bar Number: 112741
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
904/355-4401 (phone)
904/355-3503 (facsimile)
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) rjcsmith@saalfieldlaw.com
*Attorneys for Defendant, Best Buy Stores, L.P. d/b/a Best Buy*

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:   01-2021-CA-0505
DIVISON:   J

DONNA EDMONDS,

      Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY,

      Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVING ANSWERS TO DEFENDANT'S INTERROGATORIES

      YOU WILL PLEASE TAKE NOTICE that the Plaintiff, DONNA EDMONDS, by and through the undersigned counsel, has served answers to Defendant's Interrogatories numbered 1 through 28 on defendant's counsel of record.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Joseph B. Stokes, III, Esq., Saalfield Shad, PA, 245 Riverside Avenue, Suite 400, Jacksonville, FL 32202, via the Florida Courts E-Filing Portal Service in accordance with Rule 2.516, Florida Rules of Judicial Administration, this 5th day of May 2021.

**MORGAN & MORGAN**

*/s/ Jeffrey M. Moody*
**JEFFREY M. MOODY, ESQ.**
FBN: 0160570
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Primary:  jmoody@forthepeople.com
Secondary:  sbuckland@forthepeople.com
Phone:  (904) 398-2722
Facsimile:  (904) 361-4473
Attorney for Plaintiff

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:    01-2021-CA-0505
DIVISON:    J

DONNA EDMONDS,

       Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY,

       Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

COMES NOW the Plaintiff, DONNA EDMONDS, by and through the undersigned attorney, and in response to Defendant's First Request For Production, and states as follows:

## PRELIMINARY STATEMENT

Plaintiff has not completed the investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. As discovery proceeds, responsive dates, information, evidence, documents, and things may be discovered that are not set forth in these responses. These responses, therefore, are based on the information known and available at this time. Furthermore, these responses were prepared based on Plaintiff's good faith interpretation and understanding of the requests and are subject to correction for inadvertent errors or omissions, if any.

Plaintiff reserves the right to amend or supplement these responses if Plaintiff obtains other or additional information.

Plaintiff reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these responses.

Plaintiff reserves all objections as to the relevancy and materiality of any and all requests and of any and all documents identified in these responses. Plaintiff further reserves the right to object to the use of all such information, documents, and things, or the content thereof, in any subsequent proceedings.

Inadvertent production of any document or inadvertent disclosure of the content of any document that is subject to a privilege shall not waive such privilege and shall not waive the right of Plaintiff to object to the use of such document or the contents thereof in any subsequent proceeding. Such inadvertent production or disclosure also shall not be construed to waive the right of Plaintiff to object to discovery with respect to such document, its content, and subject thereof, with respect to other documents or things or the contents and subject thereof, or with respect to any other discovery, on any grounds.

Plaintiff reserves the right to respond to each of the requests, in whole or in part, by specifying the record(s) from which the answer to each such request may be derived or ascertained, and will afford to Defendant a reasonable opportunity to examine, audit, or inspect such record(s) and to make copies, compilations, abstracts, or summaries thereof.

## **GENERAL OBJECTIONS**

These general objections are continuing in nature, and are hereby incorporated into the specific responses set forth below.  Without regard to objections made or not made in these general objections, or in the specific objections to individual requests, Plaintiff reserves the right to make any appropriate objections at any hearing or trial in this matter.

1.      Plaintiff objects to the Requests for Production to the extent that they seek information that is neither relevant to any of the claims or defenses asserted in this action nor reasonably calculated to lead to the discovery of admissible evidence.

2.      Plaintiff objects to the Requests for Production to the extent that they are overly broad and unduly burdensome.

3.      Plaintiff objects to each discovery request to the extent it requests information and/or documents (that contain information) protected by the attorney-client or other privilege, or which were prepared in anticipation of litigation or trial by or for Plaintiff's representatives or which otherwise constitute "work product."

4.      Plaintiff objects to the Requests for Production to the extent that they seek "all" or "any" responsive information, because discovery has not yet been completed in this action.

5.      The responses made herein to these discovery requests in no way waive:

   a.      Plaintiff's objections to competency, relevancy, materiality, privilege or admissibility of the responses or documents or the subject matter thereof.
   b.      Plaintiff's objections to the use of such responses or documents, or to the subject matter thereof, in any proceeding, including the trial of this or any other action; or
   c.      Plaintiff's objections to any other document or discovery requests or to any request for further responses to requests for production.

## RESPONSES

1.      Attached are all documents responsive to this request in Plaintiff's possession. Discovery is ongoing. Plaintiff reserves the right to supplement and/or amend this response in the future.

2.      Objection. Irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff is not making a claim for lost wages.

3.      None in Plaintiff's possession other than records provided in response to Request #4. Discovery is ongoing. Plaintiff reserves the right to supplement and/or amend this response in the future.

4.      Attached are all documents responsive to this request in Plaintiff's possession. Discovery is ongoing. Plaintiff reserves the right to supplement and/or amend this response in the future.

5.      None in Plaintiff's possession other than records provided in response to Request #4. Discovery is ongoing. Plaintiff reserves the right to supplement and/or amend this response in the future.

6.      Attached are all photographs responsive to this request in Plaintiff's possession. Discovery is ongoing. Plaintiff reserves the right to supplement and/or amend this response in the future.

7.      Objection. Plaintiff objects to any information protected by the attorney work-product or attorney-client privilege. Without waiving said objection, Plaintiff states: none in Plaintiff's possession. Discovery is ongoing. Plaintiff reserves the right to supplement and/or amend this response in the future.

8.      None at this time other than documents provided in response to other requests. Discovery is ongoing. Plaintiff reserves the right to supplement and/or amend this response in the future.

9.      None

10.     None

11.     None

12.     None

13.     Not applicable as Plaintiff is not/has never been a Medicare or Medicaid beneficiary.

14.     Not applicable as Plaintiff is not asserting a claim for lost wages.

15.     Not applicable as Plaintiff is not/has never been a Medicaid beneficiary.

16.     Not applicable as Plaintiff is not asserting a claim for lost wages.

17.     Objection.  Plaintiff objects on the grounds that this request is overly broad and
ambiguous.  Moreover, it seeks personal information completely irrelevant to any
material issue at hand and is not reasonably calculated to lead to the discovery of
admissible evidence.   Without waiving said objection, Plaintiff states: none in
Plaintiff's possession.   Discovery is ongoing.   Plaintiff reserves the right to
supplement and/or amend this response in the future.

18.     Undersigned counsel is in the process of determining whether Plaintiff's shoes are
still in her possession.   Discovery is ongoing.   Plaintiff reserves the right to
supplement and/or amend this response in the future.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

Joseph B. Stokes, III, Esq., Saalfield Shad, PA, 245 Riverside Avenue, Suite 400, Jacksonville,

FL 32202, via the Florida Courts E-Filing Portal Service in accordance with Rule 2.516, Florida

Rules of Judicial Administration, this 5th day of May 2021.

**MORGAN & MORGAN**

*/s/ Jeffrey M. Moody*
**JEFFREY M. MOODY, ESQ.**
FBN: 0160570
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Primary:  jmoody@forthepeople.com
Secondary:  sbuckland@forthepeople.com
Phone:  (904) 398-2722
Facsimile:  (904) 361-4473
Attorney for Plaintiff

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:    01-2021-CA-0505
DIVISON:    J

DONNA EDMONDS,

      Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY,

      Defendant.

_____/

## DEFENDANT'S PRIVILEGE LOG IN RESPONSE TO PLAINTIFF'S REQUEST FOR

**COMES NOW** Defendant, BEST BUY STORES, L.P., d/b/a BEST BUY, by and through

the undersigned attorneys, hereby files the following Privilege Log in Response to Plaintiff's

Request for Production as follows:

    3.      All photographs of the area involved in the subject incident.

**RESPONSE: Defendant's attorneys are in possession of 2 photographs of the alleged
incident area taken on November 29, 2019.**

    4.      All photographs of the subject metal barriers involved in the subject incident.

**RESPONSE: Defendant's attorneys are in possession of 2 photographs of the alleged
incident area taken on November 29, 2019.**

### [THIS SECTION INTENTIONALLY LEFT BLANK]

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 7th day of May 2021:

> **Jeffrey M. Moody, Esquire**
> Morgan & Morgan, P.A.
> 76 South Laura Street, Suite 1100
> Jacksonville, FL 32202
> Email: jmoody@forthepeople.com; sbuckland@forthepeople.com
> Telephone: 904-398-2722
> Facsimile: 904-361-4473
> *Attorneys for Plaintiff*

> **SAALFIELD SHAD, P.A.**
>
> **/s/ Joseph B. Stokes, III**
> _____
> **JOSEPH B. STOKES, III, ESQUIRE**
> Florida Bar Number: 897183
> Email (Primary) jstokes@saalfieldlaw.com
> Email (Secondary) llovein@saalfieldlaw.com;
> khosea@saalfieldlaw.com
> **RUBY JO CATHERINE SMITH, ESQUIRE**
> Florida Bar Number: 112741
> Email (Primary) rjcs@saalfieldlaw.com
> 245 Riverside Avenue, Suite 400
> Jacksonville, FL 32202
> 904-355-4401 (phone)
> 904-355-3503 (facsimile)
> *Attorneys for Defendant*

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:   01-2021-CA-0505
DIVISON:    J

DONNA EDMONDS,

      Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY,

      Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR

**COMES NOW** Defendant, BEST BUY STORES, L.P., d/b/a BEST BUY, by and through

the undersigned attorneys and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure,

hereby responds to Plaintiff's Request to Produce, following a grant of extension of time by

Plaintiff and within the time agreed upon between the parties, as follows:

      1.     All statements made by any witnesses to the subject incident at the subject place of
business located at 3750 Southwest Archer Road, Gainesville, Alachua County, Florida.

      **RESPONSE: Defendant objects to this request on the basis it seeks material prepared
in anticipation of litigation that is work product.  Notwithstanding and without
waiving stated objections, none.**

      2.     All statements made by the Plaintiff pertaining to or concerning the subject
incident.

      **RESPONSE:  None.**

      3.     All photographs of the area involved in the subject incident.

      **RESPONSE:  Defendant objects to this request on the basis that it seeks material
prepared in anticipation of litigation that is work product.  See Defendant's Privilege
Log.**

4.      All photographs of the subject metal barriers involved in the subject incident.

**RESPONSE:  Defendant objects to this request on the basis that it seeks material prepared din anticipation of litigation that is work product.  See Defendant's Privilege Log.**

5.      A copy of any and all insurance agreements, insurance policies, or agreements of any kind under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

**RESPONSE:   Defendant objects to providing excess carrier information. The primary policy is more than adequate to cover this alleged loss. Subject to and without waiving said objection, please see attached primary policy declaration pages.**

6.      A copy of any incident/accident report or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject incident.

**RESPONSE:  Defendant objects to this request on the basis that it seeks material prepared in anticipation of litigation that is work product.  Not withstanding and without waiving stated objections, none.**

7.      Any and all inspection or check-off sheets or other documents showing who performed inspections, what kind of inspections were performed, the times of the inspections, or other information about the inspections that might have been done on the date of the subject incident, as well as the five (5) days before the date of the subject incident in the area where the Plaintiff fell.

**RESPONSE: Defendant objects to this request on the basis it is overly broad, vague, ambiguous, not reasonably limited in time and scope, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

8.      Any and all documents relating to any inspections that may have been done on the date of the subject incident, the five (5) days before the date of the subject incident, and the five (5) days after the date of the subject incident at the Defendant's premises.

**RESPONSE:  Defendant objects to this request on the basis it is overly broad, not reasonably limited in time and scope, and irrelevant to any party's claim or defense and the proportional needs of the case in light of the issues in the matter. The request encompasses the entire premises, which includes many areas of the store having no relevance to the area where Plaintiff's alleged slip and fall accident occurred. It is also not limited to the day of the Plaintiff's alleged incident. Without waiving said objections, Defendant is not in possession of any written documents concerning inspection performed by the employees relevant to the area where the Plaintiff's alleged incident occurred. Defendant does not document its ongoing inspections**

2

**throughout the day performed by its team members to the area where the Plaintiff's alleged incident occurred.**

9.    Time sheets, clock cards, or any other documents showing the hours and time worked by any employees working on the date of the subject incident, with responsibilities for inspecting the premises for dangerous conditions or maintaining the premises.

**RESPONSE: Defendant objects to this request on the basis it is overly broad, not reasonably limited in time and scope, and irrelevant to any party's claim or defense or the proportional needs of the case in light of the issues in this matter. The basis for these objections include the fact that there are employees who were assigned to be working in areas of the store nowhere near where Plaintiff's alleged incident occurred and who have no knowledge whatsoever about the facts and circumstances at issue in this case. Additionally, there may have been employees who worked on the date of the Plaintiff's accident, but at times early in the morning or later in the day who would not have been in the store at the time of the Plaintiff's alleged incident. Without waiving said objections, the only individual reasonably believed to have knowledge regarding the Plaintiff's alleged incident is Jason Forms.**

10.    Inspection sheets and/or other documents for inspections that were used on the date of the subject incident, or that are now used by employees at Defendant's premises for inspections.

**RESPONSE: Defendant objects to this request on the basis it is overly broad, vague, ambiguous, not reasonably limited in time and scope, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, no written documents for the specific area where the alleged incident took place prior to the alleged incident.**

11.    A true and correct copy of any contract(s) or agreement(s) with any entity(ies) used by Defendant with any responsibilities for inspecting your premises for dangerous conditions or for training your employees about such.

**RESPONSE: Defendant objects to this request on the basis it is overly broad, vague, ambiguous, not reasonably limited in time and scope, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, no written documents for the specific area where the alleged incident took place prior to the alleged incident.**

12.    A true and correct copy of any and all written inspection, maintenance procedures, or policies in place on the date of the subject incident at Defendant's premises.

**RESPONSE: Defendant objects to this request on the basis it is overly broad, vague, ambiguous, not reasonably limited in time and scope, seeks proprietary information, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving said objections, written inspection, maintenance procedures, or polices regarding the area where the alleged incident occurred have been requested and, to the extent they exist, will be provided subject to a mutually agreeable confidentiality agreement/protective order.**

3

13.     A true and correct copy of any and all safety manuals or videos, inspection manuals or videos, or training manuals or videos that any employee who was working on the date of the subject incident, with responsibilities for inspecting the premises for dangerous conditions or maintaining the premises, may have received from Defendant.

**RESPONSE: Defendant objects to this request on the basis it is overly broad, vague, ambiguous, not reasonably limited in time and scope, seeks proprietary information, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, written inspection, maintenance procedures, or polices regarding the area where the alleged incident occurred have been requested and, to the extent they exist, will be provided subject to a mutually agreeable confidentiality agreement/protective order.**

14.     A true and correct copy of your written procedure for inspection of the grounds, sidewalks, pathways, common walkways, and landscaping that was in existence on the date of the subject incident.

**RESPONSE: Defendant objects to this request on the basis it is overly broad, vague, ambiguous, not reasonably limited in time and scope, seeks proprietary information, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, written procedure for inspection of the grounds, sidewalks, pathways, and common walkways in effect on the date of Plaintiff's alleged incident have been requested and, to the extent they exist, will be provided subject to a mutually agreeable confidentiality agreement/protective order.**

15.     A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions of all employees working for the Defendant with responsibilities for inspecting the premises for dangerous conditions or maintaining the premises.

**RESPONSE: Defendant objects to this request on the basis it is overly broad, not reasonably limited in time and scope, seeks private and confidential information of non-parties, and irrelevant to any party's claim or defense or the proportional needs of the case in light of the issues in the matter. The basis for these objections include the fact that there is no date limitation whatsoever to Plaintiff's request. Further, there are employees who were assigned to be working in areas of the store on the date of this alleged incident who were nowhere near where Plaintiff's alleged incident occurred and who have no knowledge whatsoever about the facts and circumstances at issue in this case. Additionally, there may have been employees who worked on the date of the Plaintiff's incident, but at times early in the morning or later at night, who were not in the store at the time of Plaintiff's alleged incident. Without waiving said objections, Defendant identifies in its Answers to Interrogatories Jason Forms as the only individual Defendant reasonably believes may have knowledge regarding the Plaintiff's alleged incident.**

4

16.     A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions of all employees on duty at the subject location on the date of the subject incident.

**RESPONSE:  Defendant objects to this request on the basis it is overly broad, not reasonably limited in time and scope, seeks private and confidential information of non-parties, and irrelevant to any party's claim or defense or the proportional needs of the case in light of the issues in the matter. The basis for these objections include the fact that there are employees who were assigned to be working in areas of the store on the date of this alleged incident who were nowhere near where Plaintiff's alleged incident occurred and who have no knowledge whatsoever about the facts and circumstances at issue in this case.  Additionally, there may have been employees who worked on the date of the Plaintiff's incident, but at times early in the morning or later at night, who were not in the store at the time of Plaintiff's alleged incident. Without waiving said objections, Defendant identifies in its Answers to Interrogatories Jason Forms as the only individual Defendant reasonably believes may have knowledge regarding the Plaintiff's alleged incident.**

17.     A true and correct copy of any and all documents provided to the employees of the Defendant who were on duty on the date of the subject incident, explaining maintenance and safety precautions at Defendant's premises.

**RESPONSE:  Defendant objects to this request on the basis it is overly broad, vague, ambiguous, not reasonably limited in time and scope, seeks proprietary information, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objections, documents provided to the employees of the Defendant who were on duty on the date of the subject incident, explaining maintenance and safety precautions regarding the area of the alleged incident at Defendant's premises in effect on the date of Plaintiff's alleged incident have been requested and, to the extent they exist, will be provided subject to a mutually agreeable confidentiality agreement/protective order.**

18.     A true and correct copy of any and all written complaints or documents showing claims or complaints made as to employees and/or customers and/or vendors falling or tripping on Defendant's premises within the last five (5) years in a manner substantially similar to that alleged in the Complaint.

**RESPONSE:  Defendant objects to this request on the basis it is overly broad, unduly burdensome, seeks to invade the privacy rights of third parties, not reasonably limited in time and scope, and irrelevant to any party's claim or defense or the proportional needs of the case in light of the issues in this matter.  The basis for these objections includes the fact that the request is not limited to a reasonable time period, and does not specify what Plaintiff deems to be a substantially similar manner, thus making the request overly broad, and vague and ambiguous as to the type of trip and fall incident sought.  This request would encompass every incident where an alleged falling or tripping incident occurred regardless of the circumstances or reasons. Defendant further objects to this request on the basis it seeks material prepared in**

5

**anticipation of litigation that is work product. Incident Reports and other claim material are prepared primarily to assist in possible future litigation. Further, Plaintiff has not established and cannot establish a substantial need for the incident reports and that the Plaintiff is unable to obtain the substantial equivalent by other means.**

19.     A true and correct copy of any and all photographs taken of the incident scene.

**RESPONSE:  Please see response to Request Nos. 3 and 4 above.**

20.     Any and all footage from CCTV/security/surveillance cameras that depict the events alleged in the complaint.

**RESPONSE:  None.**

21.     Any and all footage from CCTV/security/surveillance cameras that depict Plaintiff regardless of location on the subject premises for the entire date of the subject incident.

**RESPONSE:  None.**

22.     Any and all footage from CCTV/security/surveillance cameras that depict the subject incident.

**RESPONSE:  None.**

23.     Any and all footage from CCTV/security/surveillance cameras that depict the area where the subject incident occurred for the period of time beginning four (4) hours immediately prior to the subject incident, and ending four (4) hours immediately after the subject incident.

**RESPONSE:  None.**

24.     Any and all footage from CCTV/security/surveillance cameras located inside the subject location for the entire interior of the premises for the 24-hour period of time immediately preceding the subject incident.

**RESPONSE:  None.**

25.     List of all trip and fall incidents that occurred at the subject location for the three (3) year period of time immediately preceding the subject incident. (NOTE: for all responsive incidents, please identify (i) date of incident; (ii) location in premises where the incident occurred; and (iii) a brief description of the incident such that the Court can determine substantial similarity to the subject incident).

**RESPONSE:  Defendant objects to this request on the basis it is overly broad, unduly burdensome, seeks to invade the privacy rights of third parties, not reasonably limited in time and scope, and irrelevant to any party's claim or defense or the proportional needs of the case in light of the issues in this matter.  The basis for these objections includes the fact that the request is not limited to a reasonable time period, and does**

not specify what Plaintiff deems to be a substantially similar manner, thus making the request overly broad, and vague and ambiguous as to the type of trip and fall incident sought.   This request would encompass every incident where an alleged falling or tripping incident occurred regardless of the circumstances or reasons.

26.     Any and all documents including, but not limited to, rental agreements, purchase orders, contracts, safety manuals, instruction manuals, or diagrams, regarding the rental/purchase of the subject metal barriers.

**RESPONSE:  This information has been requested and will be provided upon receipt, if available.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 7th day of May 2021:

> **Jeffrey M. Moody, Esquire**
> Morgan & Morgan, P.A.
> 76 South Laura Street, Suite 1100
> Jacksonville, FL 32202
> Email: jmoody@forthepeople.com; sbuckland@forthepeople.com
> Telephone: 904-398-2722
> Facsimile: 904-361-4473
> *Attorneys for Plaintiff*

> **SAALFIELD SHAD, P.A.**
>
> **/s/ Joseph B. Stokes, III**
> _____
> **JOSEPH B. STOKES, III, ESQUIRE**
> Florida Bar Number: 897183
> Email (Primary) jstokes@saalfieldlaw.com
> Email (Secondary) llovein@saalfieldlaw.com;
> khosea@saalfieldlaw.com
> **RUBY JO CATHERINE SMITH, ESQUIRE**
> Florida Bar Number: 112741
> Email (Primary) rjcs@saalfieldlaw.com
> 245 Riverside Avenue, Suite 400
> Jacksonville, FL 32202
> 904-355-4401 (phone)
> 904-355-3503 (facsimile)
> *Attorneys for Defendant*

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:    01-2021-CA-0505
DIVISON:    J

DONNA EDMONDS,

      Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF SERVING UNVERIFIED ANSWERS
## TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**COMES NOW** Defendant, BEST BUY STORES, L.P., d/b/a BEST BUY, by and through

the undersigned attorneys and pursuant to the applicable Florida Rules of Civil Procedure, following

a grant of extension of time by Plaintiff and within the time agreed upon between the parties,

hereby gives Notice of Serving Unverified Answers to Plaintiff's First Set of Interrogatories.

**[THIS SECTION INTENTIONALLY LEFT BLANK]**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 7th day of May 2021:

**Jeffrey M. Moody, Esquire**
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Email: jmoody@forthepeople.com; sbuckland@forthepeople.com
Telephone: 904-398-2722
Facsimile: 904-361-4473
*Attorneys for Plaintiff*

**SAALFIELD SHAD, P.A.**

**/s/ Joseph B. Stokes, III**

_____
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
khosea@saalfieldlaw.com
**RUBY JO CATHERINE SMITH, ESQUIRE**
Florida Bar Number: 112741
Email (Primary) rjcs@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
*Attorneys for Defendant*

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:   01-2021-CA-0505
DIVISON:    J

DONNA EDMONDS,

       Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY,

       Defendant.

_____/

## NOTICE OF SERVICE OF PROPOSAL FOR SETTLEMENT

PLEASE TAKE NOTICE that Plaintiff, DONNA EDMONDS, by and through the undersigned attorney, has served a Proposal For Settlement upon Defendant, BEST BUY STORES, L.P. d/b/a BEST BUY, this 11th day of June 2021.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Joseph B. Stokes, III, Esq., Saalfield Shad, PA, 245 Riverside Avenue, Suite 400, Jacksonville, FL 32202, via the Florida Courts E-Filing Portal Service in accordance with Rule 2.516, Florida Rules of Judicial Administration, this 11th day of June 2021.

**MORGAN & MORGAN**

*/s/ Jeffrey M. Moody*
**JEFFREY M. MOODY, ESQ.**
FBN: 0160570
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Primary:  jmoody@forthepeople.com
Secondary:  sbuckland@forthepeople.com
Phone:  (904) 398-2722
Facsimile:  (904) 361-4473
Attorney for Plaintiff

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:    01-2021-CA-0505
DIVISON:    J

DONNA EDMONDS,

     Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY,

     Defendant.

_____/

## NOTICE OF TAKING DEPOSITION DUCES TECUM

**PLEASE TAKE NOTICE** that on **Thursday, October 14, 2021 beginning at 10:30 a.m.**

the undersigned attorney for Defendant, **Best Buy Stores, L.P.**, will take the deposition of

**DONNA EDMONDS**, before Scribe Associates, Inc., 201 SE 2nd Avenue, Suite 207, Gainesville,

Florida 32601 (phone: 352-377-6852), or other Notary Public authorized by law to take

depositions.  Said deposition is to be taken for discovery purposes, for use as evidence, for use at

trial, or for such other purpose as authorized by law and the Florida Rules of Civil Procedure, and

shall be continued from day to day until completed. ***Deponent is to bring with her to the deposition***

***the footwear she was wearing at the time of the incident alleged in the Complaint.***

*****Individuals with disabilities*** *needing a reasonable accommodation to participate in this*
*proceeding should contact Joseph B. Stokes, III, Esquire no later than seven (7) days (or if less*
*than 7 days as soon as possible) prior to the proceeding at 904/355-4401; or if hearing impaired,*
*1-800-955-8771 (TDD); or 1-800-955-8770 (V); via Florida Relay Service.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 17th day of June 2021:

**Jeffrey M. Moody, Esquire**
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Email: jmoody@forthepeople.com; sbuckland@forthepeople.com
Telephone: 904-398-2722
Facsimile: 904-361-4473
*Attorneys for Plaintiff*

SAALFIELD SHAD, P.A.

/s/ Joseph B. Stokes, III
_____

**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
khosea@saalfieldlaw.com
**RUBY JO CATHERINE SMITH, ESQUIRE**
Florida Bar Number: 112741
Email (Primary) rjcsmith@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
*Attorneys for Defendant*

Filing # 130325811 E-Filed 07/09/2021 09:46:14 AM

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:   01-2021-CA-0505
DIVISON:    J

DONNA EDMONDS,

     Plaintiff,

vs.

BEST BUY STORES, L.P.
d/b/a BEST BUY,

     Defendant.

_____/

### DEFENDANT, BEST BUY STORES, L.P.'s
### NOTICE OF FILING NOTICE OF REMOVAL

     Defendant, Best Buy Stores, L.P., by and through its undersigned attorneys, and pursuant

to 28 U.S.C. §1332, §1441, and §1446, hereby gives notice that it has this date filed with the U.S.

District Court for the Northern District of Florida, Gainesville Division, a Notice of Removal.  A

copy of the Notice of Removal (without Exhibits) is attached hereto as Exhibit "A."

### CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with

the Clerk of the Court by using the Florida Courts Portal system and furnished to the following

named addressees via email on this 9th day of July, 2021:

     **Jeffrey M. Moody, Esquire**
     Morgan & Morgan, P.A.
     76 South Laura Street, Suite 1100
     Jacksonville, FL 32202
     Email: jmoody@forthepeople.com; sbuckland@forthepeople.com
     Telephone: 904-398-2722
     Facsimile: 904-361-4473
     *Attorneys for Plaintiff*

          **SAALFIELD SHAD, P.A.**

          /s/ Joseph B. Stokes, III

          _____
          **JOSEPH B. STOKES, III, ESQUIRE**

Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
khosea@saalfieldlaw.com
**RUBY JO CATHERINE SMITH, ESQUIRE**
Florida Bar Number: 112741
Email (Primary) rjcsmith@saalfieldlaw.com
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
***Attorneys for Defendant***

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DONNA EDMONDS,

      Plaintiff,

vs.                             CASE NO.:

BEST BUY STORES, L.P., d/b/a
BEST BUY,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

      Defendant Best Buy Stores, L.P., (hereinafter "Defendant"), by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1446, files with this Court a Notice of Removal of the above-captioned matter from the Seventh Judicial Circuit, in and for Alachua County, Florida.   In support of the removal of this action, Defendant states as follows:

      1.   Plaintiff Donna Edmonds has filed a civil action in the Circuit Court, Seventh Judicial Circuit, in and for Alachua County, Florida, Case No. 21-CA-00505, for claimed injuries allegedly due to an incident in which Ms. Edmonds allegedly tripped and fell on the Defendant's premises on November 29, 2019 in Alachua County, Florida. True and correct copies of all process and pleadings served by or upon Defendant, as provided by 28 U.S.C. § 1446(a), are attached hereto as Exhibit "A".



2.   Defendant removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441.

3.   At the time of the incident alleged in Plaintiff's Complaint, Plaintiff was and remains a citizen and resident of Gilchrist County, Florida. (Complaint ¶ 2).

4.   Defendant, at all relevant times, has been a domiciliary of the State of Minnesota, is incorporated in Virginia, and has its principal place of business in Minnesota.

5.   The Complaint alleges the damages "exceed Thirty Thousand Dollars ($30,000.00)." (Complaint ¶1). Plaintiff's claimed damages include: bodily injury, pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of capacity for enjoyment of life, hospitalization expenses, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. (Complaint ¶12). Plaintiff claims these losses are either permanent or continuing and will continue to be suffered in the future. (Id.).

6.   On June 11, 2021, the Plaintiff served a Proposal for Settlement, attached hereto as Exhibit "B," on Defendant in the amount of $500,000.00. Therefore, the amount in controversy exceeds $75,000.00. (See McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008) (A plaintiff's reasonable proposed settlement amount is relevant evidence of the amount in controversy.)

2

7.     According to the Plaintiff's medical billing records received to date, Defendant is aware of the following medical expenses alleged by the Plaintiff as a result of the alleged incident. The billing records are attached hereto as Exhibit "C."

| | |
|---|---|
| Shands at the University of Florida | $4,961.00 |
| UF Health | $14,531.00 |
| Kinetix Physical Therapy | $15,789.75 |
| **TOTAL:** | **$35,011.75** |

8.     As listed above, Plaintiff's current known medical expenses are $35,011.75. However, it is unknown if these amounts include the right hip endoscopic gluteus medius repair, IT band release, and trochanteric bursa excision the Plaintiff underwent on March 2, 2021, as discussed in the Plaintiff's University of Florida Health Department of Orthopaedics records (attached hereto as Exhibit "D"). The surgical bills would likely increase the amount of Plaintiff's medical expenses by a number, either close to or exceeding $75,000.00. In addition to medical damages, the Plaintiff is claiming pain and suffering and mental anguish.

9.     Defendant has filed this Notice of Removal within thirty (30) days of service of Plaintiff's Proposal for Settlement on June 11, 2021. Therefore, this Notice of Removal is timely.

3

10.  Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of this removal to all parties and has filed a copy of this Notice of Removal in the Circuit Court, Seventh Judicial Circuit, in and for Alachua County, Florida.

11.  The United States District Court for the Northern District of Florida, Gainesville Division, encompasses the location of the State Court action.   Thus, Defendant may properly remove the State Court action to this District Court pursuant to 28 U.S.C. §1441(a).

12.  The amount in controversy in this case is greater than $75,000.00 exclusive of interest and costs, and there is complete diversity between the parties. Therefore, this United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332.

13.  Pursuant to the rules of this Court, Defendant has submitted the $400.00 filing fee.

WHEREFORE, the Defendant respectfully requests that this Court accept the removal of this action from the Circuit Court, Seventh Judicial Circuit, in and for Alachua County, Florida.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 9th day of July 2021:

4

**Jeffrey M. Moody, Esquire**
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Email: jmoody@forthepeople.com; sbuckland@forthepeople.com
Telephone: 904-398-2722
Facsimile: 904-361-4473
*Attorneys for Plaintiff*

                    **SAALFIELD SHAD, P.A.**

                    **/s/ Joseph B. Stokes, III**

                    _____
                    **JOSEPH B. STOKES, III, ESQUIRE**
                    Florida Bar Number: 897183
                    Email (Primary) jstokes@saalfieldlaw.com
                    Email (Secondary) llovein@saalfieldlaw.com;
                    khosea@saalfieldlaw.com
                    **RUBY JO CATHERINE SMITH, ESQUIRE**
                    Florida Bar Number: 112741
                    Email (Primary) rjcsmith@saalfieldlaw.com
                    245 Riverside Avenue, Suite 400
                    Jacksonville, FL 32202
                    904-355-4401 (phone)
                    904-355-3503 (facsimile)
                    *Attorneys for Defendant*